By the Court*—Barbour, J.
J.—By the pleadings and evidence in this case, it appears that the defendant employed the plaintiffs, who were auctioneers in the city of New York, to sell his stock of paper hangings at auction, upon a representation that such stock was inventoried at some eighteen or twenty thousand dollars, and would sell at auction for ten thousand dollars, for which the plaintiffs were, by the agreement, .which was entirely oral and not in writing, to receive five per cent upon the sales, for their compensation; that the auction sale contemplated by the agreement was actually commenced, and, after about ninety dollars’ worth of goods were sold, such sale was stopped by the defendant, for the alleged reason that he had disposed of the remainder of his stock at private sale. The *46 court held that the plaintiffs were entitled to recover five per cent, upon the whole ten thousand dollars, and directed a verdict accordingly; to which the defendant excepted.
The thirty-sixth section of the statute “ of sales by auctioneers” (2 Rev. Stat., 5th ed., 463), declares that “ no auctioneer shall demand or receive a higher compensation for his services, than a commission of two and one half per cent, on the amount of any sales, public or private, made by him, unless by virtue of a previous agreement in writing, between him and the owner or consigneeand the thirty-seventh section imposes a penalty of two hundred and fifty dollars, for a violation of the provisions of section 36.
The services mentioned in the act, are not, merely, the offering of the goods for sale, and striking them off. ■ Indeed, the auctioneer need not sell at auction at all; but may dispose of them at private sale (§ 36). In addition to selling the goods, it is also, under the statute, the duty of the auctioneer, as such, to advertise the proposed sale in a newspaper (§ 34), and, in case the purchase money shall not be paid immediately, he must enter the sale, with all necessary details, in a book to be kept by him for that purpose (§ 39); and he is also required to have a store or auction house for his business (§ 30).
But, aside from the statute, an auctioneer, like any factor, is bound by his undertaking to sell goods, to take all such proper and incidental steps, to insure a successful sale, as is customary and necessary. If, in performing those incidental duties, any expenses are incurred, such expenses will be properly chargeable against the owner; but the auctioneer is entitled to no compensation for his services in the matter of the sale or its incidents, except the two and a half per cent, fixed by the statute, unless a written agreement for more shall previously have been made. Any agreement providing for a commission exceeding two and a half per cent., unless the same shall be in writing, whether under pretence of covering moneys expended by the auctioneer, or his services, is, therefore, either an evasion of, or contrary to the statute, and is void.
In this case, the action is brought upon the agreement to sell the merchandise at auction, and nothing else. It is not pretended in the complaint that any services were to be, or were performed for the defendant by the plaintiffs, beyond selling a *47 portion of the goods; nor does the evidence show that any other services were rendered.
For these reasons, I think the direction of the justice was erroneous; and that the verdict should be set aside, and a new trial granted, with costs.
Monell, J., concurred.

 Present Barbour and Mohell, JJ.