ELIZABETH RUSSELL, Respondent, *v.* HENRY D. MINER and another, Appellants.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1872.)

The statute (1 R. S., 532, § 23) which fixes the amount of an auctioneer's compensation for his services, in the absence of agreement in writing, at two and a-half per cent on the amount of sales, refers only to his services as an auctioneer.

*Held*, therefore, that he is entitled to recover disbursements and expenses in excess of the per centage allowed by statute.

And it seems he is entitled to additional compensation for reasonable and extraordinary services, rendered his employers, beyond the mere selling property at public sale to the highest bidder.

THIS was an appeal by the defendants from a judgment against them, entered upon the verdict of a jury in an action to recover a penalty under section 24, 1 R. S., 532.

Russell *v.* Miner.

*T. W. Burd,* for the appellants.

*B. C. Thayer,* for the respondents.

Present—INGRAHAM, P. J., BARNARD and CARDOZO, JJ.

CARDOZO, J. I think the evidence of the disbursements and expenses offered by the defendants' counsel was improperly excluded.

The statute (1 R. S., Edmonds' ed., 493) fixing the amount of an auctioneer's compensation for his services, in the absence of an agreement in writing, at two and a half per cent on the amount of the sales, refers only to his services as an auctioneer.

As was said in *Leeds* v. *Bowen* (1 Robert., p. 10), "an auctioneer, aside from the statute, like any other factor, is bound, by his undertaking to sell goods, to take all such proper and incidental steps to insure a successful sale as are customary and necessary; and if, in performing those incidental duties, any expenses are incurred, such expenses will be properly chargeable against the owner.

The ruling at the circuit deprived the defendants of showing that their charges for disbursements and expenses were within this rule. In the absence of a written agreement, their compensation for their services as auctioneers cannot exceed two and a half per cent; but what other charges for disbursements and expenses they may be entitled to, must depend upon what they did beyond the sphere of their duty as mere auctioneers, and upon what as factors it was right, reasonable and customary that they should and did do in respect to this class of property.

There yet remains the question as to what is embraced in the term services, for which the compensation of two and a half per cent is prescribed by the statute. I am aware that in the case in 1 Robert. (*supra*), it is said that those services are not merely the offering of the goods for sale, and striking them off. But I think that is a mistake, and that those ser-

vices arc alone what is to be compensated by the statutory fee.

There is nothing in the statute which shows that any construction was intended to be placed upon the words beyond that which their natural and ordinary meaning imports. An " auctioneer " is defined by Webster as a person who sells at auction, and an " auction," by the same authority, is a public sale of property to the highest bidder, by one licensed and authorized for that purpose. The services, therefore, which an auctioneer, as such, performs are " selling property at public sale to the highest bidder."

All else is beyond his mere calling as " auctioneer," and it is only for services as " auctioneer " that the compensation is given.

The judgment should be reversed and a new trial ordered, costs to abide event.

